**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EDDIE ARTHUR CROSS, SR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-055-Y** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Eddie Arthur Cross, Sr., TDCJ-ID #1129840, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

Cross was charged by separate indictment in state court with possession with intent to deliver

and delivery of a controlled substance.  (1Clerk's R. at 3; 2Clerk's R. at 3.[1])  The indictments also included enhancement and/or habitual paragraphs alleging two prior felony convictions.  A jury found Cross guilty of the offenses and true to the enhancement and habitual allegations and assessed his punishment at 20 and 50 years' confinement, respectively, on August 13, 1999.  (1Clerk's R. at 53; 2Clerk's R. at 53.)  Cross appealed his convictions, but the Second District Court of Appeals affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused Cross's petition for discretionary review.  *Cross v. Texas*, Nos. 2-02-404-CR & 2-02-405-CR, slip op. (Tex. App.–Fort Worth Nov. 13, 2003) (not designated for publication); *Cross v. Texas*, PDR No. 110-04.  Cross did not seek writ of certiorari or postconviction state habeas relief.  (Form Petition at 3.)  Cross did attempt to obtain a free copy of the clerk's and reporter's records of the trial proceedings for purposes of pursuing state habeas relief via writ of mandamus, but the Court of Criminal Appeals denied him leave to file his writ of mandamus.  *In re Cross*, Application No. 60,576-01, at cover.  Cross filed this federal petition for writ of habeas corpus on January 27, 2005.[2]

## D.  ISSUES

Cross complains that he was denied a free copy of the clerk's and reporter's records, so as to allow him to pursue state postconviction habeas relief in violation of his rights to equal protection and access to the courts and that the jury was unconstitutionally selected in violation of *Brady*.  (Form Petition at 7.)

---

[1]"1Clerk's R." and "2Clerk's R." refer to the state trial court clerk's records in cause nos. 0685724A and 0685725A, respectively.

[2]Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Cross does not, however, indicate in his original "Pro Se Application for a Writ of Habeas Corpus" the date he placed the petition in the prison mailing system.  Thus, he is not given the benefit of the mailbox rule.

2

E.  RULE 5 STATEMENT

Dretke asserts that Cross has not exhausted his state remedies with regard to the claims presented as required by 28 U.S.C. § 2254(b)(1), and he seeks dismissal on exhaustion grounds. Cross concedes that he has not exhausted his claims in state court as required by the statute, however he attributes his failure to do so on the fact that he was not afforded a free copy of the trial records. (Pet'r Pro Se Application at 5.)

F.  EXHAUSTION

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state.  *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).  Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2004); *Anderson v. Johnson*, 338

F.3d 382, 388 n.22 (5th Cir. 2003).

Cross did not raise the claims presented herein in his petition for discretionary review and he has not filed a state habeas application pursuant to article 11.07. Thus, he asserts only unexhausted claims in this action. Because the state court was deprived a fair opportunity to consider the merits of his claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001). Typically, under these circumstances, a dismissal without prejudice is appropriate to allow the petitioner to exhaust his claims in state court as required by § 2254(b)(1). However, a dismissal without prejudice may jeopardize Cross's ability to seek a later review in federal court because the federal statute of limitations expired while his federal habeas petition was pending. The pendency of a federal proceeding does not provide a statutory basis for tolling the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Nor does a state mandamus application provide a statutory basis for tolling the limitations period. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002). Thus, absent a stay or equitable tolling, Cross may be unable to return to federal court following exhaustion of his state court remedies.

Under these circumstances, a federal court has the discretion to either stay and abate or dismiss the action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Cross alleges only that the actions of the state courts in denying him a free copy of the state

4

court records impeded him from exhausting his state court remedies.[3]  Difficulty obtaining records and lack of money to pay for copies, however, are common problems among inmates who are trying to pursue post-conviction habeas relief.  *See, e.g., Felder v. Johnson*, 204 F.3d 168- 171-72 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  A habeas petitioner has no constitutional right to a free copy of trial court records or transcripts for the purpose of preparing a collateral attack on his conviction merely because he is indigent.  *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975).[4]  Furthermore, Cross appears to have sufficient knowledge regarding the underlying facts of his *Brady* claim to have pursued a state habeas application with or without a copy of the state court records.

Accordingly, Cross must first pursue his state habeas corpus remedies before seeking relief under § 2254.  Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Cross, he cannot now proceed in federal court in habeas corpus.[5]  *See* 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Cross can fully exhaust his state court remedies and then return to this court, if he

---

[3]Cross presented the claim that he was denied a copy of the state court records as a separate substantive claim and appears to rely on the claim to excuse his  failure to exhaust state court remedies.

[4]Similarly, under state law, an indigent defendant is not entitled to a free copy of the trial record for use in pursuing postconviction habeas corpus relief absent a showing that the habeas corpus action is not frivolous and there is a specific need for the trial court records which are sought. *See In re Trevino*, 79 S.W.3d 794 (Tex. App.–Corpus Christi 2002, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.–San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576 (Tex. App.–Fort Worth 1995, orig. proceeding).

[5]It is noted that the District Court may, in its discretion, deny relief on the instant federal petition notwithstanding the failure to exhaust.  28 U.S.C. § 2254(b)(2).

so desires, after exhaustion has been properly and fully accomplished. Cross is advised that his federal claims may be time barred, absent cause for equitable tolling, upon his return to federal court.

## II.  RECOMMENDATION

It is therefore recommended that Cross's petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 9, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

6

**IV.  ORDER**

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 9, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 19, 2005.


_____/s/ Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE